# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

SUSAN TINCHER, ET AL.,

*Appellees,*

VS.

KRISTIN NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,

*Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
CASE NO.: 25-CV-04669-KMM-DTS
THE HONORABLE KATHERINE MENENDEZ

## PLAINTIFFS-APPELLEES' RENEWED EMERGENCY MOTION TO IMMEDIATELY LIFT THE ADMINISTRATIVE STAY

Teresa Nelson (#269736)
Catherine Ahlin-Halverson (#350473)
Alicia Granse (#400771)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org

Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
**CIRESI CONLIN LLP**
225 South 6th Street, Suite 4000
Minneapolis, MN 55402
(612) 361-8200
KWW@ciresiconlin.com
JFS@ciresiconlin.com

agranse@aclu-mn.org

Kevin C. Riach (#389277)
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont (#399496)
Jackson C. Evert (#402214)
Rebecca R. Rogers (#403827)
**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
225 South Sixth St., Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

*Attorneys for Appellees*

# INTRODUCTION

In light of escalating, imminent risks to the safety of the named plaintiffs and the putative class, Appellees respectfully file this renewed, emergency motion for the Court immediately to lift the administrative stay of the district court's injunction. Intervening events that post-date the parties' filings have created an urgent need for intervention to prevent irreparable injury to the named plaintiffs, protesters, and observers.

This morning a second Minnesotan, Alex Pretti, was killed by federal agents. In response, Appellees anticipate that thousands of protesters and observers will continue to take the streets to exercise their constitutional rights. As the thousands of federal agents deployed to Operation Metro Surge interact with those protesters and observers, it is more essential than ever to reinstate the district court's narrow, considered injunction to prevent violent retaliation against individuals exercising their constitutional rights.

In these circumstances, every hour that a stay remains in place presents new opportunities for irreparable injury to protesters and observers. To prevent that imminent, irreparable harm, Appellees respectfully request that the Court lift the administrative stay immediately, and in no event later than 5:00 pm CT on Sunday, January 25, 2026.

## INTERVENING EVENTS

This morning, federal agents shot and killed Minnesotan Alex Pretti[1] in Minneapolis. (Ex. A, Eyewitness Decl. ¶¶ 13-14; Ex. B, Webb. Decl. ¶ 2).[2] The killing was documented by an eyewitness who recorded the interaction from a nearby sidewalk. (Ex. A ¶ 9; Ex. 1 to Ex. A (Video)[3].) According to the sworn declaration, Mr. Pretti was directing traffic in the street with a phone in his hand recording video. (Ex. A ¶ 8.) He was then pepper sprayed "directly in the face" by agents. (*Id.* ¶ 11.) Then "four or five agents" brought

---

[1] https://apnews.com/live/minneapolis-ice-shooting-updates-1-24-2026 (last updated Jan. 24, 2026 at 4:54 pm CT).

[2] In accordance with Fed. R. App. P. 27(a)(2)(B), Appellees submit herewith declarations in support of this motion, (Exs. A, B), one of which has been filed under temporary seal in accordance with District of Minnesota Local Rule 5.6 and is partially redacted. (*See* Doc. 106) These declarations were contemporaneously submitted to the district court, and are attached hereto given the expediency of the situation. In compliance with Rule 27(a)(2)(B)(ii), the affidavits "contain only factual information, not legal argument."

[3] Publicly available video of the incident, including a portion of the video attached as Ex. 1 to Ex. A, can be accessed at: Videos show federal agents killing Minneapolis man, Minnesota Star Tribune, https://www.startribune.com/videos-show-federal-agents-killing-minneapolis-man/601570108 (last updated Jan. 24, 2026, 3:50 pm) (citing @DropSiteNews, X (Jan. 24, 2026, 12:36 pm), https://x.com/DropSiteNews/status/2015131503622021472).

Mr. Pretti to the ground before he was shot multiple times. (*Id.* ¶ 13.) At no

time did the declarant see Mr. Pretti hold a gun. (*Id.* ¶¶ 10, 13, 16.)

In response, Appellees anticipate that thousands of individuals will

continue to protest and observe ICE activity.[4] Among them is named

Plaintiff Lucia Webb, who has responded to the killing with protest and

observation activity. (Webb Decl. ¶ 5.) Ms. Webb is concerned that

Appellants will use "escalating tensions" resulting from the shooting "to

perpetrate further violence on civilians," (*id.* ¶ 3), and she reasonably fears

for her safety. (*Id.* ¶ 6 ("I am more scared than ever to observe and protest

ICE activity.").)

**ARGUMENT**

Appellees move under Rules 27 and 8(a) of the Federal Rules of

Appellate Procedure for an order immediately vacating the administrative

stay entered by the Court on January 21, 2026. An administrative stay is a

procedural device to "give the court sufficient opportunity to consider the

merits of the motion for a stay pending appeal." *Brady v. Nat'l Football League*,

---

[4] https://apnews.com/live/minneapolis-ice-shooting-updates-1-24-2026 (last updated Jan. 24, 2026 at 4:54 pm CT).

638 F.3d 1004, 1005 (8th Cir. 2011). The purpose "is to minimize harm while an appellate court deliberates." *United States v. Texas*, 144 S.Ct. 797, 799 (2024) (Barrett, J., concurring). In light of today's developments in Minneapolis, the protests in response, and ICE's continued escalations, the only path to "minimize harm" is for this Court immediately to lift the administrative stay. *See id.*

The injunction issued by the district court proscribes only four categories of blatantly unconstitutional conduct:

a. Retaliating against persons who are engaging in peaceful and unobstructive protest activity, including observing the activities of Operation Metro Surge.

b. Arresting or detaining persons who are engaging in peaceful and unobstructive protest activity, including observing the activities of Operation Metro Surge, in retaliation for their protected conduct and absent a showing of probable cause or reasonable suspicion that the person has committed a crime or is obstructing or interfering with the activities of Covered Federal Officers.

c. Using pepper-spray or similar nonlethal munitions and crowd dispersal tools against persons who are engaging in peaceful and unobstructive protest activity, including observing the activities of Operation Metro Surge, in retaliation for their protected conduct[; and]

d. Stopping or detaining drivers and passengers in vehicles where there is no reasonable articulable suspicion that they are forcibly obstructing or interfering with Covered Federal Agents, or otherwise violating 18 U.S.C. § 111. The act of safely following Covered Federal Agents at an appropriate distance does not, by itself, create reasonable suspicion to justify a vehicle stop.

(Ex. C (Doc. 85) at 82.)

There is no harm to the Appellants from being enjoined from these unconstitutional practices until this Court can resolve Appellants' motion for a stay pending appeal. After all, Appellants have made no showing that they suffered any detriment whatsoever during the five days that the injunction was in effect before it was administratively stayed by this Court.

By contrast, Appellants' unrestrained actions have chilled Appellees and other members of the putative class's free expression (e.g., Webb Decl. ¶¶ 6-7; Ex. A ¶¶ 17-18). Appellees and other members of the putative class face the prospect of deprivation of their constitutional rights, injury, and even death if Appellants persist in their unlawful course of conduct, (*see, e.g.,* Ex. A ¶ 13). Under these circumstances, the "relative consequences" of an administrative stay weigh decidedly in favor of lifting it and allowing the

ordinary appellate process to proceed on an expedited basis. *See United States v. Texas*, 144 S.Ct. at 798.

If this Court does not grant Appellees' motion to vacate the administrative stay prior to the resolution of Appellants' motion for a stay pending appeal, Appellees respectfully request that the Court resolve Appellants' stay motion no later than 5:00 pm CST on Sunday, January 25, 2026. Appellants' motion was filed on January 20, the Court entered the administrative stay on January 21, and Appellees' opposition was filed on January 22. The parties agree that the issues in this case necessitate emergency treatment. In these emergent circumstances, any delay in ruling would convert the administrative stay into a de facto stay pending appeal without this Court finding that Appellants have satisfied the *Nken* factors, in contravention of Supreme Court guidance. *See id.* at 799 (cautioning against the danger of courts using an administrative stay to "avoid *Nken* for too long").

## CONCLUSION

Appellees respectfully request that this Court lift the administrative stay as soon as possible and in no event later than 5:00 pm CST on Sunday, January 25, 2026.

Respectfully submitted,

Dated: January 24, 2026

By: *s/ Kyle W. Wislocky*

Teresa Nelson (#269736)
Catherine Ahlin-Halverson
(#350473)
Alicia Granse (#400771)
**AMERICAN CIVIL
LIBERTIES UNION OF
MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Kyle W. Wislocky (#393492)
Jacob F. Siegel (#399615)
**CIRESI CONLIN LLP**
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Tel: (612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

Robert J. Gilbertson (#22361X)
Caitlinrose H. Fisher (#398358)
Virginia R. McCalmont
(#399496)
Jackson C. Evert (#402214)

Rebecca R. Rogers (#403827)
**FORSGREN FISHER
MCCALMONT DEMAREA
TYSVER LLP**
225 South Sixth St., Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.co
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

Kevin C. Riach (#389277)
**THE LAW OFFICE OF KEVIN
C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

*Attorneys for Appellees*

## Certificate of Compliance

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and 32(a)(5)-(6) because it contains 1,192 words prepared in Book Antiqua 14-point font, a proportionally spaced typeface, using Word for Microsoft 365.

Pursuant to 8th Cir. Local R. 28A(h)(2), I further certify that this document has been scanned for viruses, and is virus free.

Dated: January 24, 2026

By: *s/Kyle W. Wislocky*
Kyle W. Wislocky (#393492)
*Attorneys for Appellees*

## Certificate of Service

Undersigned counsel hereby certifies that this document was electronically filed by using the CM/ECF system for the United States Court of Appeals for the Eighth Circuit. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: January 24, 2026

By: *s/ Kyle W. Wislocky*
Kyle W. Wislocky (#393492)
*Attorneys for Appellees*