No. 26-1105

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

SUSAN TINCHER, et al.,

Plaintiffs-Appellees,

v.

KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the District of Minnesota

**OPPOSITION TO MOTION TO STAY PROCEEDINGS**

BRETT A. SHUMATE
*Assistant Attorney General*
YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*
ERIC D. MCARTHUR
*Deputy Assistant Attorney General*

MARK R. FREEMAN
AUGUST FLENTJE
BRENNA H. SCULLY
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-1754*

# INTRODUCTION

The government respectfully opposes the motion to stay further briefing in this expedited appeal.

This case concerns the government's appeal of a preliminary injunction that provides nearly universal relief to any person who "observe[s]" Operation Metro Surge or any "related operations" and restricts when and how Department of Homeland Security (DHS) officers may make arrests, conduct brief traffic stops and detentions, and use crowd-dispersal tools against people protesting federal law-enforcement operations. R. Doc. 85, at 81-82. This Court granted the government's motion to stay that injunction pending appeal and set an expedited briefing schedule (at plaintiffs' request). *See* Order (Jan. 26, 2026). The government has already filed its opening brief. Rather than file their expedited response brief, however, plaintiffs have moved to stay further briefing, ostensibly so that they can ask the district court to vacate the injunction as "moot" in light of the ongoing drawdown of the federal immigration surge in the Twin Cities. Motion at 1, 3-4.

If plaintiffs intended to dismiss their lawsuit in light of that drawdown, the government would agree that pausing the briefing schedule in this Court would make sense. Instead, however, plaintiffs not only continue to seek class certification and injunctive relief against defendants, but propose to do so on an even more sweeping basis. *See* R. Doc. 136, at 87-97. On the same day that they filed their motion to stay briefing in this Court, plaintiffs filed an amended complaint that doubles down on the

legal theories in the preliminary injunction. *Compare id.* at 59-86, *with* R. Doc. 85, at 48-62, 64-68. The amended complaint seeks class certification and class-wide injunctive relief on essentially the same legal grounds, only with additional allegations and plaintiffs. *See* R. Doc. 136, at 3-5, 59-97. The controversy before the Court is thus in no sense moot. Rather, it appears that plaintiffs seek to vacate the existing preliminary injunction so that they can circumvent this Court's stay order and take a second shot at securing a class-wide preliminary injunction on similar grounds.

The Court should reject that gambit, deny the motion, and direct plaintiffs to file their response brief on the established schedule.

## ARGUMENT

**1.** Plaintiffs contend that the briefing schedule should be stayed because the existing preliminary injunction is "moot." As support, plaintiffs point to Border Czar Tom Homan's statement that "I have proposed, and President Trump has concurred, that this surge operation conclude." Motion at 2-3. Consistent with Homan's statement, DHS has begun to draw down some of the additional immigration-enforcement resources that were deployed to Minnesota in December 2025. Plaintiffs reason that, because the "injunction is limited by its terms to Operation Metro Surge," Homan's announcement of a wind-down of Operation Metro Surge means the injunction is "moot." *Id.* at 3-4.

But that contention is self-evidently incorrect. Even setting aside that the wind-down of Operation Metro Surge will take some time, the preliminary injunction

expressly runs to the benefit of "all persons who do or will in the future, record, observe, and/or protest Operation Metro Surge *and related operations that have been ongoing in this District since December 4, 2025*." R. Doc. 85, at 81 (emphasis added). The injunction also excludes from its restrictions only DHS officers "conducting routine operations within the District of Minnesota." *Id.* at 81-82. Because at least some "related" immigration-enforcement "operations" will continue in the District of Minnesota for the foreseeable future, the preliminary injunction remains in effect and the government is entitled to seek this Court's review.

What is more, plaintiffs themselves clearly do not believe the injunction is moot. They do not suggest that they plan to dismiss their complaint or forgo any claim for prospective relief. To the contrary, on the same day that plaintiffs filed this motion, plaintiffs filed an amended complaint in district court that doubles down on their demand for class-wide injunctive relief. *See* R. Doc. 136, at 87-97. The amended complaint alleges that Homan's announcement "that the 'surge operation' in Minnesota had been successful and would end . . . did not indicate, however, that the unlawful conduct perpetrated by DHS agents would end." *Id.* at 86. Plaintiffs allege that there is no "guarantee that the number of agents will actually decrease" because "Homan conditioned the drawdown on a reduction in 'unlawful and violent agitator activity'" and "said that DHS will leave in place . . . a 'small footprint' of personnel and CBP's 'Quick Response Force.'" *Id.* at 87. On this basis, plaintiffs continue to seek class certification and an award of class-wide injunctive relief, because "[w]hile there

may be fewer agents on the ground, there is no indication that their response to Minnesotans documenting, observing, filming, or protesting their activities will change." *Id.*; *see also id.* at 87-97.

Plaintiffs cannot have it both ways: they cannot insist that this Court stay the government's expedited appeal of the preliminary injunction as moot, *see* Motion at 1, 3-4, yet simultaneously tell the district court that the controversy is *not* moot and that the court should once again enter an injunction that is "too broad[ and] too vague" in favor of an amorphous putative class that "has *no* chance of getting certified." Order at 2; R. Doc. 136, at 87-97. It appears plaintiffs' goal is simply to circumvent this Court's stay order and take a second shot at securing a class-wide preliminary injunction in the district court. That gambit cannot succeed. Because the questions presented in the government's appeal remain hotly contested between the parties, the motion should be denied and the appeal should move forward.

2. Plaintiffs' motion should be denied for the additional reason that the district court lacks jurisdiction to dissolve the existing preliminary injunction while the government's appeal is pending. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because the government properly filed a notice of appeal from the preliminary injunction, the district court "lack[s] jurisdiction to entertain a motion to vacate" it while the appeal is

pending. *Id.*; *see Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) (per curiam) (where an interlocutory order on a motion for preliminary injunction has been appealed, district court retains jurisdiction only "to proceed with the cause with respect to any matter not involved in the appeal"); *see also Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962) (holding that the district court "could not properly change the whole posture of the case on appeal by vacating [the] injunction" after it has been appealed); *Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135, 1139 (4th Cir. 1978) ("[T]he district court lost its power to vacate [the injunction] when the notices of appeal were filed."); *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (1989) (holding that the district court could not dissolve a preliminary injunction that had been appealed and "divest the court of appeals from jurisdiction while the issue is before the [court of appeals]"); *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (affirming "district court's decision that it lacked jurisdiction to consider . . . motion to vacate the preliminary injunction").

Plaintiffs are of course free to dismiss their underlying complaint. But if they wish to pursue injunctive relief against DHS, they cannot moot the government's appeal as of right, *see* 28 U.S.C. § 1292(a)(1), simply by asking the district court to let them try again.

Plaintiffs' intent to rely on Rule 62(d) provides no more authority for their request. Motion at 3. Rule 62(d) does not allow a district court to vacate an injunction pending appeal, and it allows a district court to take action only to "secure

the opposing party's rights," which would patently not be the case here. Fed. R. Civ. P. 62(d).

**3.** Plaintiffs may instead try to seek an indicative ruling from the district court under Rule 62.1. Motion at 3. Where a district court "lacks authority to grant [a motion] because of a[ pending] appeal . . . the court may" issue an indicative opinion "stat[ing] either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). But even if plaintiffs seek such an indicative ruling, the motion to stay the briefing schedule should be denied, for two reasons.

First, it is far from clear that the district court would grant such an indicative ruling, which the government would oppose. For the reasons already explained, the government's appeal of the preliminary injunction is not moot, as plaintiffs' amended complaint itself demonstrates. Nor is the district court likely to assist plaintiffs in circumventing this Court's stay order.

Second, even if the district court were to issue an indicative ruling concluding that the government's appeal is moot, this Court would still need to agree and remand for the district court to decide plaintiffs' motion. *See* Fed. R. Civ. P. 62.1(a), (c). For the reasons already explained, the appeal is plainly not moot. And this Court is equally well positioned to resolve the parties' dispute about mootness. If the Court has questions about its continued jurisdiction over the appeal, it can direct the parties to brief those issues or explore the question with counsel at oral argument. No

purpose would be served by delaying the resolution of this expedited appeal to allow plaintiffs first to pursue a pointless indicative ruling on the same issue.

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion to Stay Proceedings.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*
YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney General*
ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*
MARK R. FREEMAN
AUGUST FLENTJE
/s/ *Brenna H. Scully*
BRENNA H. SCULLY
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 307-1754*
  *Brenna.scully@usdoj.gov*

FEBRUARY 2026

# CERTIFICATE OF COMPLIANCE

This Opposition complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,626 words. This Opposition also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

Pursuant to Circuit Rule 28A(h)(2), I further certify that the Opposition has been scanned for viruses, and the Opposition is virus free.

*/s/ Brenna H. Scully*
Brenna H. Scully

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically filed the foregoing Opposition with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on all counsel of record.

                                              */s/ Brenna H. Scully*
                                              Brenna H. Scully