No. 26-1105

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

SUSAN TINCHER, ET AL.,

*Plaintiffs-Appellees,*

vs.

KRISTIN NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
CASE NO.: 25-CV-04669-KMM-DTS
THE HONORABLE KATHERINE MENENDEZ

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF REQUEST TO REMAND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 12.1**

Esha Bhandari
Brian Hauss
Scarlet Kim
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org

Kyle W. Wislocky
Jacob F. Siegel
**CIRESI CONLIN LLP**
225 South 6th Street, Suite 4000
Minneapolis, MN 55402
(612) 361-8200
KWW@ciresiconlin.com
JFS@ciresiconlin.com

bhauss@aclu.org
ScarletK@aclu.org

Teresa Nelson
Catherine Ahlin-Halverson
Alicia Granse
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Kevin C. Riach
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
Jackson C. Evert
Rebecca R. Rogers
**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
225 South Sixth St., Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

*Attorneys for Plaintiffs-Appellees*

## INTRODUCTION

Remand is appropriate to allow the judicial process to continue in the ordinary course. As the district court explained in its indicative ruling, the injunction currently on appeal is moot and would be dissolved upon remand. Nothing in Defendants' opposition shows otherwise, and the arguments made therein should be rejected in full.

## ARGUMENT

A. <u>Defendants' Rehashed Arguments Should be Rejected.</u>

Defendants' opposition to remand regurgitates, for the third time, the same arguments made in their Opposition to Motion to Stay Proceedings (filed on February 17, 2026 before this Court granted Plaintiffs' motion) and in Defendants' Opposition to Plaintiffs' Motion for Indicative Ruling, ECF 245, (before the District Court granted that motion). The arguments are identical and should again be rejected here.

First, Defendants claim that the injunction still applies after the end of Operation Metro Surge. Opp. §§ 1-2. The injunction does not, by its terms, as the district court correctly explained. Ex. A, ECF 246 at 7 ("The plain language of the Injunction—both in its discussion of the Court's limitations

3

as to breadth and in the decretal language—clearly ties it to OMS, which is now over.").

Second, ignoring the text of the injunction and its express limitations, Defendants argue that that if the injunction is moot, then the entire case must be as well and must be dismissed. Opp. § 4. The district court recognized the straightforward distinction between whether the injunction is moot per its plain terms and the distinct question of mootness of the case. Ex. A, ECF 246 at 9 ("However, the issue of whether the entire case is now moot is not currently before the Court, and the Court declines to address it prematurely.").

Defendants' procedurally improper request for this Court to direct the district court to dismiss the First Amended Complaint, in advance of any ruling on the matter by the district court, turns appellate procedure on its head and is unsupported by any law whatsoever. Indeed, Defendants have already filed with the district court a motion to dismiss Plaintiffs' First Amended Complaint, making the identical argument. ECF 258 at 15-17 ("This case is now moot."). Defendants have noticed a hearing date of May 4, 2026, for that motion, ECF 257, and will receive a hearing in due course. This Court should reject Defendants' request to shortcut regular procedure.

B. The Seventh Circuit's Opinion Has No Bearing on this Case.

Defendants strain to portray the circumstances of this case as similar to those facing the Seventh Circuit in its recent ruling on a stipulated motion for dismissal in *Chicago Headline Club v. Noem*. Opp. § 3 (citing Order, *Chicago Headline Club v. Noem*, No. 25-3023 (7th Cir. Mar. 5, 2026)). In *Chicago Headline Club*, the litigation at the district court had already concluded when the Seventh Circuit issued its opinion vacating the preliminary injunction. By contrast, Plaintiffs are asking this Court to dismiss the appeal as moot and to remand for the district court to dissolve the injunction, as the district court has already indicated it will do.

Far from Defendants' overblown accusations of "gamesmanship," (Opp. at 9), Plaintiffs are following standard procedure and have acknowledged that any future injunctive relief would need to be litigated in the district court, with the attendant procedural safeguards that entails. ECF 240 at 7 ("With the Surge over, should Plaintiffs wish to obtain protection in the form of injunctive relief going forward, Plaintiffs believe they would need to obtain a new injunction that – in contrast to the present injunction – governs the time period after the Surge's end."). These facts differentiate this case from the concerns the Seventh Circuit voiced in its order vacating

5

the *Chicago Headline Club* injunction. In any event, all such concerns would be amply addressed by the district court dissolving the injunction.

    C. <u>The Stay Order Should be Vacated.</u>

Finally, Defendants claim that even after the injunction is dissolved as moot, this Court's stay order should remain in place. Opp. § 5. They offer no precedent for that outcome, and none exists. While Defendants quibble with aspects of Plaintiffs' cited caselaw, they recognize that this Court properly vacated its own prior order in *Arc of Iowa v. Reynolds*, 33 F.4th 1042 (8th Cir. 2022). *See* Opp. at 10-11. They provide no authority for departing from the general rule that vacatur is appropriate after a case becomes moot on appeal. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

Declining to vacate the stay order would be inequitable here. The stay order was a ruling reached on an expedited basis, following limited briefing. But for the appeal becoming moot, the issues decided therein would have been subject to potential revision following merits briefing, argument, and full submission of the case. Even if the merits panel were to fully endorse the reasoning and conclusions of the stay order, Plaintiffs would have an opportunity to appeal that decision to the Supreme Court. All of those

procedural protections are lost to Plaintiffs because the appeal became moot during its pendency.

## CONCLUSION

For the reasons stated, Plaintiffs-Appellees respectfully request that this Court 1) remand the case to the district court to grant the motion to dissolve the preliminary injunction as moot and for further proceedings pursuant to FRAP 12.1(b); 2) vacate this Court's stay order because the injunction became moot during the pendency of the appeal; and 3) dismiss the appeal as moot.

Respectfully submitted,

Dated: March 10, 2026

By: s/ *Kyle W. Wislocky*

Esha Bhandari
Brian Hauss
Scarlet Kim
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org
bhauss@aclu.org
ScarletK@aclu.org

Teresa Nelson
Catherine Ahlin-Halverson

7

Alicia Granse
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Kyle W. Wislocky
Jacob F. Siegel
**CIRESI CONLIN LLP**
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Tel: (612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
Jackson C. Evert
Rebecca R. Rogers
**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
225 South Sixth St., Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.co
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

8

Kevin C. Riach
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

*Attorneys for Plaintiffs-Appellees*

## Certificate of Compliance

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and 32(a)(5)-(6) because it contains 904 words prepared in Book Antiqua 14-point font, a proportionally spaced typeface, using Word for Microsoft 365.

Pursuant to 8th Cir. Local R. 28A(h)(2), I further certify that this document has been scanned for viruses, and is virus free.

Dated: March 10, 2026 By: *s/ Kyle W. Wislocky*
Kyle W. Wislocky

*Attorneys for Plaintiffs-Appellees*

10

Appellate Case: 26-1105     Page: 10     Date Filed: 03/10/2026 Entry ID: 5616843

## Certificate of Service

Undersigned counsel hereby certifies that this document was electronically filed by using the CM/ECF system for the United States Court of Appeals for the Eighth Circuit. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 10, 2026               By: <u>*s/Kyle W. Wislocky*</u>
                                                                 Kyle W. Wislocky

                                                              *Attorneys for Plaintiffs-Appellees*