# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 26-1105

Susan Tincher, on behalf of themselves and other similarly situated individuals, et al.

Appellees

v.

Kristi Noem, Secretary, U.S. Department of Homeland Security (DHS), in their official capacities, et al.

Appellants

------------------------------

State of Alabama, et al.

Amici on Behalf of Appellant(s)

_____

Appeal from U.S. District Court for the District of Minnesota
(0:25-cv-04669-KMM)
_____

## ORDER

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.

    This case is hereby remanded to the district court for the limited purpose of allowing the district court to rule on Plaintiff's motion to dissolve the preliminary injunction. The parties are instructed to move for appropriate relief from our court within fourteen days of the date of the district court's ruling on such motion. *See* Fed. R. App. P. 12.1(b).

STRAS, Circuit Judge, concurring.

    My preference would be to take a route the government has suggested, which is to vacate the district court's order and injunction ourselves. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950) (stating that it is the "duty of the appellate court" to "reverse or vacate the judgment below and remand" when a case "has become moot . . . pending our decision on the merits" (citation omitted)). We would be following the Seventh Circuit's lead, which recently did the same thing in a similar case. *See Chi. Headline Club v. Noem*, ___ F.4th ___, 2026 WL 622677, at *6 (7th Cir. Mar. 5, 2026) (explaining that, "under *Munsingwear*, appellate courts worry about a winning party taking advantage of the preclusive effects of a judgment").

I nonetheless concur in the decision to let the district court dissolve the preliminary injunction. The case will end up in a similar place and, no matter what, the order underlying this dispute has no preclusive or law-of-the-case effect. *See Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982) ("[T]he doctrine of collateral estoppel requires a prior final judgment; the granting or denial of a preliminary injunction is generally not based on a final decision on the merits and is not a final judgment for the purposes of collateral estoppel."); *Murphy v. FedEx Nat'l LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010) ("The law-of-the-case doctrine only applies to final orders, not interlocutory orders.").

March 12, 2026

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
　　　　/s/ Susan E. Bindler