No. 26-1105

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

SUSAN TINCHER, ET AL.,

*Plaintiffs-Appellees,*

VS.

MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
CASE NO.: 25-CV-04669-KMM-DTS
THE HONORABLE KATHERINE MENENDEZ

## PLAINTIFFS-APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' RULE 42(b)(2) MOTION AND CROSS-MOTION TO VACATE THE PRIOR ADMINISTRATIVE PANEL ORDER

Esha Bhandari
Brian Hauss
Scarlet Kim
**AMERICAN CIVIL LIBERTIES
UNION FOUNDATION**
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500

Kyle W. Wislocky
Jacob F. Siegel
**CIRESI CONLIN LLP**
225 South 6th Street, Suite 4000
Minneapolis, MN 55402
(612) 361-8200
KWW@ciresiconlin.com
JFS@ciresiconlin.com

ebhandari@aclu.org
bhauss@aclu.org
ScarletK@aclu.org

Teresa Nelson
Catherine Ahlin-Halverson
Alicia Granse
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Kevin C. Riach
**THE LAW OFFICE OF KEVIN C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414
(612) 203-8555
kevin@riachdefense.com

Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
Jackson C. Evert
Rebecca R. Rogers
**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
225 South Sixth St., Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

*Attorneys for Plaintiffs-Appellees*

2

Appellate Case: 26-1105    Page: 2    Date Filed: 04/20/2026 Entry ID: 5630805

## INTRODUCTION

When Defendants decided to end Operation Metro Surge, they mooted the preliminary injunction at issue in this appeal and hence the appeal itself. The district court has now dissolved the preliminary injunction in this case because, with the conclusion of Operation Metro Surge, the preliminary injunction by its own terms was no longer of any force or effect and was therefore "clearly moot." *See* ECF 324 at 9. There is no live issue for this Court to decide related to the preliminary injunction, and therefore this interlocutory appeal should be dismissed as moot. Defendants appear to concede as much, as they have moved to dismiss their appeal under Rule 42(b)(2).

There is one remaining matter for this Court's attention. As this appeal became moot prior to its final resolution on the merits, this Court should vacate under *Munsingwear* the administrative panel order granting the motion for a stay pending appeal. The stay order was an interim decision, which was not subject to the full appeal process, and Plaintiffs should not be irrevocably beholden to it merely because the Government's actions mooted the appeal before its final resolution.

3

For these reasons, Plaintiffs respectfully request the Court vacate the administrative panel order granting the stay pending appeal and dismiss the appeal as moot. *See* Fed. R. App. P. 42(b)(2) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.").

## ARGUMENT

A. <u>The appeal should be dismissed as moot</u>.

This Court has explained that "[t]he appeal of a preliminary injunction is moot where the *effective time period* of the injunction *has passed.*" *Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 768 (8th Cir. 2014) (quoting *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1119 (11th Cir. 1995)). The preliminary injunction at issue in this case, by its terms, applied only to Operation Metro Surge. *See* ECF 324 at 6 (explaining that "the scope of the Injunction expressly encompassed only conduct stemming from [Operation Metro Surge] and excluded non-[Operation Metro Surge] conduct"). Because Defendants ended Operation Metro Surge, the preliminary injunction was no longer of any force or effect, as the district court confirmed in dissolving the preliminary injunction. *Id*. at 9.

4

With no preliminary injunction of continuing effect, this appeal is moot. Defendants appear to concede as much, as they have moved to dismiss their appeal under Rule 42. Because the appeal is moot, this Court's "judicial power is at an end," and the appeal should be dismissed. *See Fauconniere Mfg. Corp. v. Sec'y of Def.*, 794 F.2d 350, 352 (8th Cir. 1986).

B. <u>The stay order should be vacated.</u>

In conjunction with dismissing the appeal as moot, this Court should vacate the administrative panel's order granting the motion for a stay pending appeal. *See, e.g.*, *Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1045 (8th Cir. 2022) (per curiam) (vacating a preliminary injunction and this Court's prior opinion when the preliminary injunction became moot during the pendency of the appeal).

Equity requires vacatur of the administrative panel's preliminary stay order. It is blackletter law that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) (discussing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)); *see also id.* at 25 n.3 ("[M]ootness by happenstance provides sufficient reason to vacate.").

Appellate Case: 26-1105    Page: 5    Date Filed: 04/20/2026 Entry ID: 5630805

Here, the administrative panel's decision granting a stay pending appeal was an interim decision reached after expedited briefing on an emergency motion. But for the appeal becoming moot because the Government ended Operation Metro Surge, the issues decided therein would have been subject to revision following merits briefing, argument, and full submission of the case. Even if the merits panel were to fully endorse the reasoning and conclusions of the stay order, Plaintiffs would have an opportunity to seek en banc review of that decision, and potentially appeal that decision to the Supreme Court. All of those additional procedural protections have been lost to Plaintiffs because the appeal became moot during its pendency.

Notwithstanding their actions mooting this appeal (and thereby frustrating Plaintiffs' ability to seek further appellate relief), Defendants continue to rely on the interim stay order in pursuing their own ends in this case and others. In seeking to dismiss Plaintiffs' First Amended Complaint in this matter, Defendants treated the administrative panel decision as law of the case, telling the district court that "**as the Eighth Circuit has already found** in this case, [protesters] unfortunately have engaged in unlawful and obstructive conduct." Defendants' Motion to Dismiss, ECF No. 258 at 6

6

(emphasis added) (citing *Tincher v. Noem*, 164 F.4th 1097, 1099 (8th Cir. 2026)). Likewise, in another appeal pending before this Court, the Government characterized a decision by a different district court judge as "violating this Court's recent decision in *Tincher v. Noem*, 164 F.4th 1097 (8th Cir. 2026))." Motion to Expedite Appeal, *U.H.A. v. Bondi*, No. 26-1482 (8th Cir. Mar. 18, 2026).

The Government cannot have it both ways. If the administrative panel decision has preclusive or precedential effect—as Defendants appear to contend—then it must be vacated under *Munsingwear.* Indeed, when other Courts of Appeals have declined to vacate stay orders when dismissing appeals as moot, they have done so after concluding that "the necessarily tentative and preliminary nature of a stay-panel opinion precludes the opinion from having an effect outside that case." *Democratic Executive Comm. of Florida v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020). If the stay panel opinion "*would* have precedential effect beyond the preliminary decision on the stay," then there is no basis for denying vacatur. *See id.* at 795 n.2.

As Judge Menashi recently explained after surveying the relevant case law, "either the opinion of a motions panel will not bind future panels as law

Appellate Case: 26-1105    Page: 7    Date Filed: 04/20/2026 Entry ID: 5630805

of the circuit or a party affected by the precedential effect of such an opinion would be entitled to vacatur should the case become moot before the merits are decided." *Öztürk v. Hyde*, 155 F.4th 187, 204–05 (2d Cir. 2025) (Menashi, J., concurring in the denial of rehearing en banc). For that reason, to the extent that the published stay opinion has precedential effect, it should be vacated under *Munsingwear*. This result accords with the general principle that a litigant should "not in fairness be forced to acquiesce in" a precedential decision that otherwise would have been subject to further litigation. *U.S. Bancorp*, 513 U.S. at 25.

Because the appeal became moot before its final resolution, the interim decision on the motion for a stay pending appeal should not stand as the final word on this appeal. Issues of great importance deserve to be decided after full presentation on the merits and resolution of the appellate process, not left to "happenstance." *Id.*; *see also, e.g., Anastasoff v. United States*, 235 F.3d 1054, 1056 (8th Cir. 2000) (vacating this Court's previous opinion and dismissing appeal when the case became moot during the continued pendency of the appeal, notwithstanding the existence of an issue "of great interest and importance," because "[this Court] sit[s] to decide cases, not issues").

**CONCLUSION**

For the reasons stated, Plaintiffs-Appellees respectfully request that this Court 1) vacate this Court's stay order because the injunction became moot during the pendency of the appeal; and 2) dismiss the appeal as moot.

Respectfully submitted,

Dated: April 20, 2026

By: s/Kyle W. Wislocky

Esha Bhandari
Brian Hauss
Scarlet Kim
**AMERICAN CIVIL
LIBERTIES
UNION FOUNDATION**
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
ebhandari@aclu.org
bhauss@aclu.org
ScarletK@aclu.org

Teresa Nelson
Catherine Ahlin-Halverson
Alicia Granse
**AMERICAN CIVIL
LIBERTIES UNION OF
MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692

9

tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

Kyle W. Wislocky
Jacob F. Siegel
**CIRESI CONLIN LLP**
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Tel: (612) 361-8233
kww@ciresiconlin.com
jfs@ciresiconlin.com

Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
Jackson C. Evert
Rebecca R. Rogers
**FORSGREN FISHER
MCCALMONT DEMAREA
TYSVER LLP**
225 South Sixth St., Suite 1500
Minneapolis, MN 55402
Tel: (612)-474-3310
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.co
jevert@forsgrenfisher.com
rrogers@forsgrenfisher.com

Kevin C. Riach
**THE LAW OFFICE OF KEVIN
C. RIACH**
125 Main St. SE, Suite 339
Minneapolis, MN 55414

10

(612) 203-8555
kevin@riachdefense.com

*Attorneys for Plaintiffs-Appellees*

11

Appellate Case: 26-1105     Page: 11     Date Filed: 04/20/2026 Entry ID: 5630805

# Certificate of Compliance

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) and 32(a)(5)-(6) because it contains 1,248 words prepared in Book Antiqua 14-point font, a proportionally spaced typeface, using Word for Microsoft 365.

Pursuant to 8th Cir. Local R. 28A(h)(2), I further certify that this document has been scanned for viruses, and is virus free.

Dated: April 20, 2026                    By: s/ Kyle W. Wislocky
                                              Kyle W. Wislocky

                                              *Attorneys for Plaintiffs-Appellees*

12

Appellate Case: 26-1105    Page: 12    Date Filed: 04/20/2026 Entry ID: 5630805

## Certificate of Service

Undersigned counsel hereby certifies that this document was electronically filed by using the CM/ECF system for the United States Court of Appeals for the Eighth Circuit. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: April 20, 2026                    By: <u>s/ Kyle W. Wislocky</u>
                                                        Kyle W. Wislocky

                                                        *Attorneys for Plaintiffs-Appellees*

Appellate Case: 26-1105     Page: 13     Date Filed: 04/20/2026 Entry ID: 5630805